**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

FIDELIS I. OMEGBU,

    Plaintiff,

    v.                                                                           Case No. 10-C-765

UNITED STATES OF AMERICA,

    Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

**I. PROCEDURAL BACKGROUND**

The plaintiff, Fidelis I. Omegbu ("Omegbu"), filed a pro se complaint against the defendant, the United States of America, on September 3, 2010. As best as the court can discern, Omegbu alleges a violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., and the Federal Privacy Act, 5 U.S.C. § 552a, among other claims.[1] Omegbu is seeking $18 million in various types of damages. Both parties have consented to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b)(1). This action is now before the court on the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P.

---

[1] Omegbu makes several other allegations in his complaint regarding his prior arrest for voter fraud. These allegations were not only litigated in a previous lawsuit, *see Omegbu v. Milwaukee County*, No. 05-C-596 (E.D. Wis.), but they also do not reflect what, if any, involvement the United States had in such allegations. Therefore, this court will confine its discussion to those claims asserted against the United States.

56. Now that the motion has been fully briefed, it is ready for resolution. For the reasons that follow, the defendant's motion will be granted.[2]

## II. FACTUAL BACKGROUND

As a foreign national, the plaintiff immigrated to the United States from Nigeria in 1978. (Compl. ¶ 24.) The plaintiff was approved for permanent residence on February 24, 1992, and applied for naturalization on March 21, 1996. (Compl. ¶¶ 5, 7.) As part of the application process, the plaintiff filled out a Form N-400 with United States Citizenship and Immigration Services ("USCIS"). (Compl. ¶ 7.) On the form, the plaintiff answered "no" when asked if he had ever "been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance excluding traffic regulations." (Compl. ¶ 11; Glaudell Dec. ¶ 5, Attach. A.) As part of the normal vetting process, USCIS conducted a criminal background check on the plaintiff. (Glaudell Dec. ¶5.) The Federal Bureau of Investigation ("FBI") provided the plaintiff's criminal history, which indicated that Omegbu had been arrested on April 8, 1994, for theft. (*Id.*) On March, 18, 1997, the USCIS Milwaukee office interviewed the plaintiff in conjunction with his application for naturalization. (Compl. ¶ 8.) The plaintiff again failed to disclose his prior arrest during the interview. (Glaudell Dec. ¶ 6.)

On December 31, 1997, USCIS sent a letter to the plaintiff, informing him of its decision to deny the plaintiff's application for naturalization. (Glaudell Dec. ¶ 7.) In the letter, USCIS told the plaintiff that his application had been denied because of a finding of lack of good moral character. (*Id.*) Specifically, the plaintiff was denied for failing to disclose his prior arrest on the application and during his interview. (*Id.*) The letter further informed the plaintiff of his right to request a review hearing on

---

[2] The Government also filed a motion to strike Omegbu's response in opposition to its motion to dismiss because Omegbu did not seek permission from the court to file a memorandum that exceeded the maximum page limit by ten pages. *See* Civ. L.R. 7(f), 56(b)(8)(A-B). However, even if considered in its entirety, Omegbu's response memorandum does not overcome the Government's motion to dismiss, and therefore, the Government's motion to dismiss will be denied as moot.

the decision within thirty days of the decision, otherwise the decision would become final. (Glaudell Dec. ¶ 7, Attach. C.) The plaintiff never disputed the arrest or requested a review of the denial decision. (Glaudell Dec. ¶ 9, Attach. D.)

On March 28, 2008, the plaintiff received a copy of his Alien file from USCIS through the Freedom of Information Act. (Compl. ¶ 40.) In the plaintiff's Alien file was the criminal background of a James Earl Bailey, who had been arrested a total of seven times, including arrests in 1992, 1995, 1996 and 1999. (Compl. ¶ 42; Glaudell Dec. ¶ 9, Attach. D.) In February 2009, the plaintiff submitted an administrative tort claim to the United States Department of Justice, alleging that he was "intentionally wrongfully identified to be someone[] else, and was denied naturalization on account of" the third party's criminal record being placed in his Alien file by the FBI. (Pawlak Dec. ¶ 2, Attach. 1.)

The plaintiff now files this action in federal court. In his complaint, the plaintiff alleges three counts, which are described as follows: Count I—Violations of the FTCA, Count II—Violation of the Plaintiff's Privacy Rights, and Count III—Violation of Plaintiff's Federal, Constitutional and Statutory Rights. (Compl. ¶¶ 127-79.) Counts I and III relate primarily to the plaintiff's denial for naturalization. Count II relates to those events in 2002 prior to his arrest, when the plaintiff maintains the Milwaukee County Election Commissioner's Office ("MCEC") violated his federal right to privacy by releasing to the press false information regarding his criminal record without permission from the plaintiff. (Compl. ¶¶ 146-154.)

### III. DISCUSSION

I will address Omegbu's allegations as follows: (1) intentional tort claim related to the misrepresentation of information in the plaintiff's Alien file, (2) constitutional tort claim, and (3) violations of the plaintiff's right to privacy.

3

**A. Intentional Tort Claim**

On ruling on a Rule 12(b)(1) motion, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). A court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction. *Id.* However, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

The United States is sovereign and immune from being sued without its consent. *See Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002). A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and is strictly construed, in terms of its scope, in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Therefore, the terms of the United States's consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Congress has waived the Government's sovereign immunity in enacting the FTCA by providing an exclusive remedy for certain torts of federal employees acting within the scope of their employment. 28 U.S.C. §§ 2671 et seq. *See also United States v. Orleans*, 425 U.S. 807, 813 (1976). Specifically, under the FTCA, the United States is responsible for the tortious conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." *See* 28 U.S.C. § 2674. However, the FTCA also provides specific exceptions where the United States has not waived its sovereign immunity. 28 U.S.C. § 2680. Among those exceptions is the "intentional tort" exception: "[t]he provisions of this chapter . . . and section 1346(b) of this title . . . shall not apply to—[a]ny claim

arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h).

The plaintiff maintains that the defendants—being either the FBI or USCIS—both intentionally and negligently added the criminal record of a third party into his Alien file, causing the denial of his application for naturalization. (Compl. ¶¶ 3, 45, 131.) The Seventh Circuit has held that allegations of willful mishandling of records are intentional tort claims and are thus barred by the intentional tort exception of the FTCA. In *Deloria v. Veterans Administration*, 927 F.2d 1009, 1010 (7th Cir. 1991), the plaintiff alleged that the Veteran's Administration conspired to alter his medical records and deny him veterans' disability benefits. The Seventh Circuit upheld the district court's decision to dismiss the claim, holding that the plaintiff's allegations were the same as a claim of misrepresentation or deceit and therefore fell under the intentional tort exception of the FTCA:

> Deloria cannot sidestep the statutory limits of the FTCA by artfully couching his complaint in different jargon and pleading that VA officials conspired to deprive him of his benefits through alteration of his records. . . . [T]he United States retains its sovereign immunity with respect to charges of deceit and misrepresentation -- regardless of the technical terms in which they are framed . . . .

*Id.* at 1012-13. Therefore, the mishandling of information is tantamount to misrepresentation or deceit and is therefore barred by 28 U.S.C. § 2680(h). *See id.*

Courts, including the Supreme Court, have also held that claims arising out of negligent representation are barred by § 2680(h). For example, in *United States v. Neustadt*, 366 U.S. 696 (1961), the Court stated as follows:

> To say . . . that a claim arises out of "negligence," rather than "misrepresentation," when the loss suffered by the injured party is caused by the breach of a "specific duty" owed by the Government to him, *i.e.*, the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is only to state the traditional and commonly understood legal definition of the tort of "negligent misrepresentation," . . . and which there is every reason to believe Congress had in mind when it placed the word "misrepresentation" before the word "deceit" in § 2680(h).

5

*Id.* at 706-07. *See also Talbert v. United States*, 932 F.2d 1064 (4th Cir. 1991) (holding claim for negligent recordkeeping of employment records to be barred under § 2680(h), stating that "[a]rtful pleading cannot alter the fact that his claim 'resounds in the heartland of the tort of defamation'"); *Alexander v. United States*, 787 F.2d 1349 (9th Cir. 1986) (holding that claim that government negligently failed to remove from plaintiff's record information the state court allegedly ordered expunged was actually a claim for misrepresentation barred by § 2680(h)); *Bergman v. United States*, 751 F.2d 314 (10th Cir. 1984) (involving a claim that the government negligently failed to correct classification records and holding the claim to be barred by § 2680(h) immunity for claims arising from misrepresentation, deceit and slander).

The plaintiff's allegation that the FBI or USCIS misrepresented information—whether intentionally or negligently—falls under the intentional tort exception of § 2680(h). Because the Seventh Circuit has previously ruled that the mishandling of records is equivalent to misrepresentation or deceit, and because the Court has indicated that any loss caused by even a negligent breach of a certain duty is equivalent to misrepresentation, the plaintiff is barred by sovereign immunity from bringing his intentional tort claim against the United States. Accordingly, such claim will be dismissed due to lack of subject matter jurisdiction.[3]

---

[3] Even if Omegbu's claim was a proper subject before the court, it appears that Omegbu's claim that the Federal Government misrepresented the information in his Alien file has little merit because his application for naturalization was denied because he failed to disclose his 1994 theft, not because the USCIS took into account Mr. Bailey's criminal record. Secondly, Mr. Bailey's criminal record was not placed in Omegbu's Alien file until after his application for naturalization was denied. The report date on Mr. Bailey's record is June 16, 1999, while Omegbu's application was denied approximately one and half years earlier, in December 1997.

### B. Constitutional Tort Violations

Omegbu also broadly and vaguely alleges in his complaint several constitutional tort claims. Specifically, he alleges violations against his First, Fifth, Fourteenth and Fifteenth Amendment rights. (Compl. ¶¶ 76, 115-118, 123-126.) The FTCA provides that the United States does not waive its sovereign immunity when it comes to violations of the constitution: "[The FTCA] does not extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). Therefore, the plaintiff's constitutional allegations cannot be brought under the FTCA because the United States retains its sovereign immunity with respect to constitutional tort claims. Those allegations are therefore dismissed due to lack of subject matter jurisdiction.

### C. Violation of the Plaintiff's Right to Privacy

The defendant also moves to dismiss Omegbu's right to privacy claim for failing to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). A motion pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. A plaintiff's complaint only needs to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is also sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id.* A plaintiff's complaint must contain

enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the plaintiff must "'nudge[] his claims' . . . 'across the line from conceivable to plausible.'" *Iqbal*, ___ U.S. ___, 129 S. Ct. at 1950-51.

The plaintiff alleges that the Federal Government violated his federal right to privacy. (Compl. ¶¶ 141-161.) However, throughout his complaint, the plaintiff directs his allegations towards the Milwaukee County Elections Commission ("MCEC") and its employees. (*Id.*) The Federal Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of record by any means of communication to any person, or to another agency . . . ." 5 U.S.C. § 552a(b). Agency is defined as "each authority of the Government of the United States," although there are some noted exceptions to this definition. 5 U.S.C. § 551. Because the MCEC is a non-federal entity (and not shown to be an authority of the Government of the United States), there is no cause of action against the United States under the Federal Privacy Act for conduct allegedly committed by the MCEC. Therefore, the plaintiff's privacy claim fails to state a claim under the Federal Privacy Act and will therefore be dismissed.

Finally, Omegbu's Federal Privacy Act claim must also be dismissed on other grounds. The plaintiff argues that his right to privacy was violated by MCEC and its employees in 2002. (Compl. ¶ 149.) However, the Privacy Act provides for a statute of limitations of only two years from the date the cause of action arises. 5 U.S.C. § 552a(g)(5). Therefore, because the complaint was filed in 2010, the statute of limitations has run, and the plaintiff's claim under the Federal Privacy Act will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to strike plaintiff's memorandum be and hereby is **DENIED** as moot;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 18th day of July 2011 at Milwaukee, Wisconsin.

                                              **BY THE COURT:**

                                              s/ William E. Callahan, Jr.
                                              WILLIAM E. CALLAHAN, JR.
                                              United States Magistrate Judge